**Hazzouri v Kings Wood Art LLC**

2024 NY Slip Op 31039(U)

March 27, 2024

Supreme Court, New York County

Docket Number: Index No. 153334/2020

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

**PRESENT:**    **HON. NANCY M. BANNON**                          **PART**          61M

*Justice*

------------------------------------------------------------------------------X

JOZETTE HAZZOURI,

**INDEX NO.**        153334/2020

Plaintiff,

- v –

**DECISION
AFTER INQUEST**

KINGS WOOD ART LLC, and TODD BOLSIUS as
EXECUTOR OF THE ESTATE OF MONIQUE SQUEO-
BOLSIUS,

Defendants.

------------------------------------------------------------------------------X

## I.    BACKGROUND

In this action arising from the sale of a piece of fake artwork, the plaintiff, Jozette

Hazzouri (Hazzouri), seeks damages from the defendants, Kings Wood Art, LLC (KWA) and

Todd Bolsius as Executor of the Estate of Monique Squeo-Bolsius (the Squeo-Bolsius Estate),

on her three remaining causes of action, numbered here as in the amended complaint, for (1)

breach of contract, (2) breach of warranty, and (6) violation of the New Jersey Consumer Fraud

Act (NJ CFA).[1]

By an order dated August 13, 2021, the court granted a motion by counsel for the

defendants to be relieved, and directed that all parties appear on October 7, 2021, for a

previously scheduled status conference.  On October 7, 2021, the plaintiff's counsel appeared;

but no new counsel for the defendants appeared or contacted the court. The court's status

conference order, dated October 7, 2021, expressly stated that the "defendants' failure to

---

[1] By Decision and Order dated June 16, 2021, the court, *inter alia*, dismissed the third, fourth, fifth, and seventh causes of action of the amended complaint in their entirety, dismissed the first and second causes of action as against the Squeo-Bolsius Estate and Todd Bolsius individually, and dismissed the sixth cause of action as against Todd Bolsius individually, thereby leaving intact the first and second causes of action as against KWA, and the sixth cause of action as against KWA and the Squeo-Bolsius Estate.

## OTHER ORDER – NON-MOTION

[* 1]

appear subjects the answer to being stricken" pursuant to 22 NYCRR 202.27, and that the "defendants' failure to provide discovery subjects the answer to being stricken pursuant to CPLR 3126." In the same order, the court directed further discovery and scheduled another status conference for December 17, 2021. On December 17, 2021, the defendants' counsel again failed to appear and the plaintiff's counsel informed the court that the defendants had not provided the discovery directed in the prior order. Consequently, by an order dated December 20, 2021, the court struck the defendants' answer and directed an inquest on damages, noting that the defaulting defendants are deemed to admit all traversable allegations in the complaint, including the issue of liability. No motion to vacate the default was filed.

At the inquest, which was held on June 21, 2023, the plaintiff testified and presented certain documents and other items that were admitted into evidence, including:

(1) the Purchase and Sale Agreement (PSA), dated December 5, 2019, between KWA as seller and Hazzouri as buyer, pursuant to which Hazzouri agreed to pay $120,000 to purchase what was purported to be a painting by the artist Yoshimoto Nara titled "Ohne Titel (Zwei Hunde Mit Den Särgen)";

(2) the artwork purchased pursuant to the PSA (the Artwork);

(3) emails between Hazzouri and Monique Squeo-Bolsius (Ms. Bolsius), who was, before her death, the Chief Executive Officer and sole officer and director of KWA, dated December 4, 2019 through February 17, 2020, pertaining to Hazzouri's purchase of the Artwork and her subsequent determination that the Artwork was a fake;

(4) a printout of the catalogue pages from the Christie's auction-house website for the 2017 sale of the authentic "Ohne Titel" painting, containing images of the front and back of the authentic painting, as well as information regarding the painting and its provenance;

(5) a printout of the catalogue pages from the Christie's website for the 2015 sale of the authentic "Ohne Titel" painting, containing an image of the front of the painting, as well as information regarding the painting and its provenance;

(6) text messages between Hazzouri and Ms. Bolsius, dated December 4, 2019 through the end of February 2020, pertaining to Hazzouri's purchase of the

[* 2]

Artwork, her determination that the Artwork was a fake, and her attempts to secure a refund of the $120,000 purchase price she paid, as expressly provided for in the PSA; and

(7) a letter dated March 5, 2020, from Hazzouri's attorneys to Ms. Bolsius, concerning Hazzouri's determination that the Artwork was a fake, and her demand for a refund of the purchase price.

Testimony was also taken from Todd Bolsius (Mr. Bolsius), who appeared *pro se* on behalf of the remaining defendants, and from the plaintiff's expert art appraiser, Evie T. Joselow, PhD, whose report, dated December 17, 2021, together with her CV, was also admitted into evidence.

Both the plaintiff and the defendants thereafter filed Proposed Findings of Fact and Conclusions of Law, along with a transcript of the inquest.

## II. FINDINGS OF FACT

In December of 2019, the plaintiff, a New York resident, came across an online advertisement posted by KWA for the sale of a particular piece of artwork: "Ohne Titel (Zwei Hunde Mit Den Särgen)," painted by the artist Yoshimoto Nara in 1993 (the Artwork). The plaintiff contacted Ms. Bolsius, the Chief Executive Officer and sole officer and director of KWA, who communicated to the plaintiff that the artwork was a signed original acrylic on canvas. Ms. Bolsius further represented to the plaintiff that the artwork had previously been sold by Christie's auction house (Christie's) and directed the plaintiff to the Christie's website for images of the artwork. Shortly thereafter, the plaintiff and KWA entered into a Purchase and Sale Agreement (PSA) for the Artwork for a purchase price of $120,000.

The PSA contains several representations and warranties concerning, *inter alia*, the authenticity and provenance of the Artwork. Further, the PSA affords the buyer a right of return and refund, within a prescribed period, if the buyer has reason to believe that the Artwork's

[* 3]

authenticity, attribution, or provenance was not as represented. Ms. Bolsius signed the PSA on behalf of KWA, the seller, and the plaintiff, the buyer, wired $120,000 to KWA.

Upon receipt of the Artwork, which was shipped from an unidentified individual or entity in Germany directly to the plaintiff, the plaintiff questioned its authenticity and ultimately determined that it was not authentic, a conclusion shared by the plaintiff's expert, Dr. Joselow. Indeed, it is undisputed that inspection of the Artwork reveals that it is not an acrylic painting on canvas, but rather appears to be a print reproduction of the authentic "Ohne Titel" painting. Further, comparison of the reverse side of the Artwork to the images of the reverse side of the authentic painting taken from the Christie's website demonstrate several discrepancies between the Artwork and the authentic original painting.

The plaintiff advised Ms. Bolsius that the Artwork was not authentic and sought to exercise her right under the PSA to a return and refund. The plaintiff attempted to do so via an email dated February 16, 2020, as well as in a series of text messages and a letter sent by her attorneys dated March 5, 2020. According to both Mr. Bolsius and statements made by Ms. Bolsius in her communications with the plaintiff, Ms. Bolsius was very sick at the time with esophageal cancer and on February 16, 2020, she entered the hospital for several days for emergency surgery and treatment. Ms. Bolsius ultimately succumbed to her illness on March 18, 2020. Mr. Bolsius was appointed executor of Ms. Bolsius' estate in May 2020 and dissolved KWA in October 2020. To date the plaintiff has not received a refund of the $120,000 purchase price she paid for the Artwork, which Dr. Joselow testified is worthless.

### III.  CONCLUSIONS OF LAW

"In an action to recover damages for breach of contract, 'the nonbreaching party may recover general damages which are the natural and probable consequence of the breach.'" Crystal Clear Dev., LLC v Devon Architects of New York, P.C., 97 AD3d 716, 718 (2nd Dept. 2012), quoting Kenford Co. v Cnty. of Erie, 73 NY2d 312, 319 (1989). Here, the general

[* 4]

damages that are the natural and probable consequence of the breach is the plaintiff's out-of-pocket loss amounting to the difference between the $120,000 purchase price she paid and the zero value of the inauthentic Artwork she received. Accordingly, on the first cause of action for breach of contract and the second cause of action for breach of warranty, the court awards the plaintiff compensatory damages in the amount of $120,000 against defendant King Wood Art, LLC, with interest from December 20, 2019 (the date of payment by the plaintiff).

As to the sixth cause of action, section 56:8-2 of the NJ CFA provides in pertinent part that "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is . . . an unlawful practice." Where a violation of the statute is established, the NJ CFA mandates treble damages and attorneys' fees. NJ CFA § 56:8-19. The NJ CFA provides that the "rights, remedies and prohibitions accorded by [its] provisions" are "in addition to and cumulative of any other right, remedy or prohibition accorded by the common law or statutes of [the] State." NJ CFA § 56:8-2.13. Notwithstanding that provision, New Jersey courts have found that a breach of contract or a breach of warranty, standing alone, does not violate the NJ CFA. Cox v Sears Roebuck & Co., 138 NJ 2, 18 (1994) (citation omitted); Palmucci v Brunswick Corp., 311 NJ Super 607, 616 (App. Div. 1998) ("A breach of warranty or breach of contract is not *per se* unfair or unconscionable and does not alone violate the Consumer Fraud Act."). However, it has also been held that "[a] plaintiff need not demonstrate 'aggravating factors' when the 'unlawful practice' is an affirmative misrepresentation." Belmont Condo. Ass'n, Inc. v Geibel, 432 NJ Super 52, 81 (App. Div. 2013). Indeed, New Jersey caselaw further holds that NJ CFA "reaches 'non-soliciting artisans'" and "is designed to protect the public even

[* 5]

when a merchant acts in good faith." Cox, supra at 16 (citations omitted); compare New York General Business Law § 349. [2]

This court previously held that the plaintiff's sixth cause of action for violation of the NJ CFA was adequately pleaded, noting that the amended complaint did not allege only misrepresentations contained in the PSA, but also affirmative misrepresentations made in communications preceding its execution, and that, unlike common law fraud, knowledge or intent is not an element of a cause of action for violation of the statute based on an affirmative misrepresentation. See NYSCEF Doc. No. 54 at 10, citing Cox, supra at 17–18.

In their post-inquest submission, the defendants argue that no intent to defraud or "unconscionable business practices" have been shown, and the proof presented at the inquest does indeed tend to suggest that Ms. Bolsius acted in good faith and was unaware that the Artwork was inauthentic. Nevertheless, this argument is unavailing because, as just noted, knowledge or intent is not an element of a cause of action for violation of the NJ CFA based, as it is here, on an affirmative misrepresentation. Moreover, as already discussed, the defendants, as a consequence of their default, were deemed to have admitted all allegations in the amended complaint, which included those concerning the NJ CFA.

Accordingly, on the sixth cause of action for violation of the NJ CFA, the court awards the plaintiff statutorily mandated treble damages in the amount of $360,000, based upon the plaintiff's actual out-of-pocket loss of $120,000, jointly and severally against defendants Kings Wood Art, LLC and Todd Bolsius as Executor of the Estate of Monique Squeo-Bolsius, with

---

[2] In this regard, the court notes that while the defendants were located in New Jersey, Section 9 of the PSA provides that it "shall be governed and construed and enforced in accordance with the laws of the State of New York, without giving effect to any choice of law or conflict of laws rules or provisions that would otherwise cause the application of the laws of a jurisdiction other than New York." The parties also consented to jurisdiction and venue in New York County. However, no argument has been asserted by the defendants challenging the applicability of the New Jersey statute as barred by the PSA.

[* 6]

interest from December 20, 2019. In this regard, the plaintiff implies that these damages should be in addition to the damages awarded on the first and second causes of action for breach of contract and breach of warranty, for a total damages award of $480,000. However, she cites no decisional authority in support of this proposition and the court declines the invitation to inflate the judgment in this manner in variance of the ordinary and accepted meaning of "treble damages", *i.e.* "three times the amount of actual damages that the fact-finder determines is owed." (Black's Law Dictionary [11th ed. 2019]). The court rejects any other alternate theory of damages proffered by the plaintiff. Plaintiff's counsel is, however, entitled to reasonable fees and costs incurred in this action, as mandated by the New Jersey statute. Since plaintiff's counsel has failed to submit any proof of fees and costs, he may submit supplemental papers within thirty (30) days to establish the proper amount.

Accordingly, upon the court's prior orders and the proof presented at the inquest, it is

ORDERED that, as the court dismissed certain claims in its order dated June 16, 2021, the Clerk shall amend the caption of this matter to reflect the remaining parties as follows:

_____

JOZETTE HAZZOURI,

                                                    Plaintiff,

           -against-

KINGS WOOD ART LLC and TODD BOLSIUS as
EXECUTOR OF THE ESTATE OF MONIQUE
SQUEO-BOLSIUS,

                                                    Defendants.

_____

and it is further

ORDERED that the plaintiff, Josette Hazzouri, is awarded judgment in her favor and against defendant King Wood Art, LLC on the first cause of action for breach of contract and

[* 7]

second cause of action for breach of warranty, and against defendants King Wood Art, LLC and Todd Bolsius as Executor of the Estate of Monique Squeo-Bolsius, jointly and severally, on the sixth cause of action for violation of the New Jersey Consumer Fraud Act, in the sum of $360,000, with interest from December 20, 2019, plus reasonable attorneys' fees and costs; and it is further

ORDERED that plaintiffs' counsel may submit supplemental papers within thirty (30) days of the date of this order to establish the amount of attorneys' fees and costs incurred in this action, and shall notify the Part 61 Clerk of any such filing, or attorney's fees and costs shall be deemed waived; and it is further

ORDERED that any inquest exhibits remaining at the court shall be retrieved within thirty (30) days of the date of this order or deemed abandoned; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**DATE: 3/27/2024**

| **Check One:** | X | **Case Disposed** | | **Non-Final Disposition** |

| **Check if Appropriate:** | | **Other (Specify** | ) |

[* 8]